**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DIAGNOSTIC RESOURCE GROUP, L.L.C. | * | |
| PLAINTIFF | * | Case No.: L-02-CV-3020 |
| VS. | * | (removed from Baltimore County |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | * | Circuit Court- case #03-C-02-006016) |
| | * | |
| DEFENDANT | * | |

**MOTION TO PRECLUDE SPECIFIC DEFENSE ALLEGATION**

Now comes Plaintiff, Diagnostic Resource Group, L.L.C., by its counsel, Samuel Sperling and the Law Office of Leonard J. Sperling, and respectfully prays that the Defendant be precluded from asserting a certain defense, and for reasons in support thereof states:

1. That the essential allegation of this case is that the Defendant Toshiba had a promissory obligation to fix an OPART scanner leased by Plaintiff during the July 4, 1999 holiday and failed to do so;

2. That at the time of the events in question, the Defendant indicated to the Plaintiff that it would not repair the said scanner as Defendant asserted that the repair period (one year) had lapsed, while the Plaintiff asserted that the repair period was still ongoing;

3. That at no time during the relevant time frame of the events in question did the Defendant ever assert that it had no obligation to repair the scanner as the part that had failed had not been manufactured by Toshiba, the Defendant;

4. That the sole assertion raised by Defendant at the relevant time period was that the Defendant alleged that the repair period had lapsed and in fact the Defendant at no time asserted that the

parts that had malfunctioned were not covered by the original Toshiba promise to repair;

5. That Plaintiff, in reliance upon its view of the situation, namely that it felt that the repair period had not lapsed, acted according to that belief in reliance upon the Defendant's contentions and reasonably relied upon that understanding in its further course of conduct;

6. That therefore the Defendant Toshiba is equitably estopped from now asserting that it never had an obligation to repair the said equipment that failed on that date as the said equipment was not manufactured by Toshiba itself;

7. That in fact the Defendant had repaired those items of equipment prior to the occurrence of July, 1999, and thus Plaintiff further had the right to believe that the said item was n item that would be repaired by the Defendant during the repair period;

8. Defendant has never specifically indicated that it intended to utilize this claim in defense, and indeed in oral argument before the Court in March, 2003 did imply that this was not its contention;

9. Plaintiff contends that based upon the construction of the language of the agreement and based upon the course of conduct of the Defendant the Defendant was in fact required to repair or replace the equipment even if not manufactured by Toshiba, and Defendant has not contradicted this position through its responses in discovery, its answer to the Complaint and its various filings;

10. However, Plaintiff asserts that the Defendant is further equitably estopped from now asserting this defense for the first time on Motion for Summary Judgment when it was not in fact raised at the time of the events in question or in the discovery process;

                                   Respectfully Submitted,

                                   _____
                                   Samuel Sperling
                                   Law Office of Leonard J. Sperling
                                   1777 Reisterstown Road
                                   Commercentre West
                                   Suite 212
                                   Baltimore, Maryland 21208
                                   410-653-0141
                                   Counsel for Plaintiff
                                   Federal Bar Number SS24135

## **PRAYER FOR HEARING**

_____Plaintiff respectfully prays that this matter be set in for a hearing before this Honorable Court.

                                   _____
                                   Samuel Sperling

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DIAGNOSTIC RESOURCE GROUP, L.L.C. | * | |
| PLAINTIFF | * | Case No.: L-02-CV-3020 |
| VS. | * | (removed from Baltimore County |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | * | Circuit Court- case #03-C-02-006016) |
| | * | |
| DEFENDANT | | |
| | * | |

**CERTIFICATION OF MAILING**

This is to certify that on this June 25, 2003, a copy of this pleading was sent by e-mail to Brooke R. Schumm, III, Esquire, Counsel for Defendant at bschumm@danmclaw.com.

_____
Samuel Sperling
SS24135

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DIAGNOSTIC RESOURCE GROUP, L.L.C. | * | |
| PLAINTIFF | * | Case No.: L-02-CV-3020 |
| VS. | * | (removed from Baltimore County |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | * | Circuit Court- case #03-C-02-006016) |
| | * | |
| DEFENDANT | | |
| | * | |

**ORDER**

_____Upon consideration of the Motion to Preclude Specific Defense Allegation and any Response thereto:

**IT IS HEREBY ORDERED:**

this _____, 2003, by the United States District Court for the District of Maryland that the Motion shall be and is hereby GRANTED, and that Defendant shall not assert on Motion for Summary Judgment or trial that it had no obligation to effect the repair sought on or about July 5, 1999 due to the fact that the said part was not manufactured by Toshiba.

_____
Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DIAGNOSTIC RESOURCE GROUP, L.L.C. | * | |
| PLAINTIFF | * | Case No.: L-02-CV-3020 |
| VS. | * | (removed from Baltimore County |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | * | Circuit Court- case #03-C-02-006016) |
| | * | |
| DEFENDANT | * | |

**AFFIDAVIT OF SAMUEL SPERLING**

I am Samuel Sperling, a competent adult and counsel for Plaintiff in this action. Based upon my review of the pleadings, and documents raised in discovery, all facts set forth in this pleading are true and accurate.

_____

Samuel Sperling