UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DIAGNOSTIC RESOURCE GROUP, LLC * <br> Plaintiff <br> v.  * <br> TOSHIBA AMERICA MEDICAL  * <br> SYSTEMS, INC. <br> Defendant  * | U.S. District Court Civ. No. L-02-3020 <br> Removed from Baltimore County Circuit <br> Court Case No.: 03-C-02-006016 |

\* \* \* \* \* \* \* \* \*

**DEFENDANT TOSHIBA'S RESPONSE
TO DRG'S SUPPLEMENTAL MOTION FOR DISCOVERY PRECLUSION OF ISSUE**

Now comes, Defendant Toshiba America Medical Systems, Inc. ("Toshiba"), by its counsel, Brooke Schumm III, of Daneker, McIntire, Schumm, Prince, Goldstein, Manning & Widmann, P.C. and responds and opposes Plaintiff Diagnostic Resource Group, Inc.'s Supplemental Motion for Discovery Preclusion of Issue:

Introduction

Pending before the Court is Defendant Toshiba's Motion for Summary Judgment on the basis of statute of limitations. The Plaintiff's claims are barred because suit was filed almost five years after the date of the contract, and more than four years after an "OPART" magnetic resonance imaging system was delivered to Plaintiff Diagnostic Resource Group. The tort claim in Count II has a three year statute of limitations.

Judge Legg had directed on March 26, 2003 at a status conference where discovery motions were taken up that they should be denied as moot. Judge Legg also directed that the Court would first direct its attention to the issue of whether the claims were precluded by the statute of limitations. The discovery or issue preclusion issue in this Motion was not raised.

Argument

1. The issue in this Motion is premature. The Court had directed that the Court would take up issues associated with the statute of limitations.

2. Plaintiff argues that "at no time during the relevant time frame of the events in question did the Defendant ever assert that it had no obligation to repair the scanner as the part that had failed had not been manufactured by Toshiba, the Defendant;" Plaintiff's Motion ¶3.

3. The Plaintiff then asserts that there should be an equitable estoppel "from now asserting this defense for the first time on Motion for Summary Judgment when it was not in fact raised at the time of the events in question or in the discovery process;" Plaintiff's Motion ¶10.

4. In Toshiba's answer, as amended, a comprehensive set of defenses was asserted.

5. In the Motion for Summary Judgment filed on December 13, 2003, the language involved in the Contract is quoted in paragraph 6 of the Motion of December 13, 2003. The text of that paragraph in pertinent part reads:

"The warranty under the Contract expired one year from the date of installation, i.e. on April 1, 1999. The Contract provided in Paragraph 8:
> "For the warranty period described below by product, Toshiba, as its only obligation, will replace or repair, at Toshiba's option and without charge to Customer during Toshiba's normal working hours (if Customer requests warranty service outside such hours, Customer will pay overtime premium for labor, any component of the equipment determined by Toshiba to be defective in materials or workmanship, provided such defect is reported to Toshiba within the warranty period. Toshiba's warranty period is as follows: (a) X-Ray and Therapy- 6 months from the date of completion of installation; (b) Ultrasound, C.T., Nuclear, MRI-1 year form the date of installation; (c) Probes-12 months from the date of completion of installation. Toshiba does not warrant that operation of the Equipment will be uninterrupted. *Components not manufactured by Toshiba, including but no limited to X-Ray tubes, monitors, glassware, VTRS, cameras, computer equipment, and software will be furnished subject only to the*

> *manufacturer's warranty, if any, and without any warranty whatsoever by Toshiba.* During the warranty period, Toshiba will furnish free of charge any upgrades, including software required to correct any defect in the Equipment or as required under applicable laws.
> TOSHIBA'S OBLIGATION TO REPAIR OR REPLACE DEFECTIVE PARTS WILL BE CUSTOMER'S SOLE AND EXCLUSIVE REMEDY FOR A BREACH OF THE WARRANTY SET FORTH IN THIS SECTION. SUCH WARRANTY WILL BE IN LIEU OF ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING WITHOUT LIMITATION, THE WARRANTIES OF THE MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. The warranty set forth in this Section will not apply to, and Toshiba will not be liable for any defects resulting from misuse, repairs performed by unauthorized third parties, accidents, acts of God, or neglect of anyone other than Toshiba."

[emphasis supplied for this Motion].

6. The contract was attached as Exhibit A to Toshiba's December 13, 2003 Summary Judgment Motion, and the provisions enlarged in Exhibit A-2.

7. Defendant produced as document #199 a letter dated June 14, 2003 from John Hutton that the entire warranty had expired, and inviting Plaintiff to purchase a warranty. See Exh. A. The document was attached to Toshiba's Summary Judgment Motion. Mr. Hutton's deposition was taken several months after production of that document and the initial filing of Toshiba's Motion for Summary Judgment.

8. Plaintiff has disposed of or lost most of the records relevant to this case since the time it first raised a claim in July, 1999 through counsel. (See correspondence Doc #203-205 and 218-219 attached as Exh. B). When Toshiba raised the spoliation issue at the March 26, 2003 hearing, Judge Legg stated that it was premature to visit the issue of spoliation and the issue of the statute of limitations should be taken up first.

9. Spoliation is relevant, however, in considering Plaintiff's request to impose a bar on a Toshiba argument (since all required defenses were properly asserted). See, e.g. Mar.

13, 2003 testimony of Jeffrey Lowe, principal of the Plaintiff as to loss of records: Exh. C.

10. Mr. Lowe summed the problem up at pages 144-145 (Exh. C.) of his testimony:

"Q [Mr. Schumm for Toshiba]: Are all the records gone that would have shown how many times they would have been called to fix it [the scanner]?
A: I believe so.
Q: Why are they gone?
A: I can't answer that.
Q: You have an attorney who says there's a dispute. Why didn't you preserve these records?
A: You know, these records are definitely in my–they would be in my favor. Believe me, this is not something where, you know, if I knew where the records were– we've searched for everything, for all the records of the entire business, and believe me, I would want to find the.
Q: That wasn't my question.
Why weren't they preserved?
A: We thought we were preserving them.
Q: But you didn't preserve them, did you, even though you had threatened lost profits and damages?
A: Not very well."

11. Plaintiff's loss or disposal of its records precludes any summary motion or disposition in Plaintiff's favor.

12. The interpretation of the contract, and the interpretation of that paragraph has been the issue in this case from the outset, and certainly from December 13, 2003.

13. Defendant does not have a burden to assert that the terms of the contract at issue will be an issue in the case. The contract was obviously known to both sides, and has always been an issue.

14. Plaintiff sued for relief in the Circuit Court for Baltimore County on this claim in November, 1999. The case was dismissed. See, Exhs. K and L to Supplemental Motion for Summary Judgment of June 26, 2003 by Toshiba.

15. To argue surprise or lack of opportunity for discovery on all issues in the Complaint, particularly given the prior Complaint, is without basis. Plaintiff trickled discovery to

4

Defendant, and took the depositions of Defendant in March, 2003. Defendant had ample opportunity to go through every provision of the contract with Defendant's representatives, and Mr. Hutton's letter, Exh. A, but chose not too. Instead, Plaintiff is attempting to place its burden of proof on Defendant so Plaintiff can evade the term so the contract it agreed to in July, 1997, some six years ago. Alternatively, Plaintiff is attempting to argue a summary judgment motion without setting out any relevant evidence, without any supporting affidavit from the Plaintiff, and without citing any legal authority. The Affidavit of counsel to support the Motion is not appropriate and could result in disqualification as a witness in the case. Mr. Sperling was not on the potential witness list, and of course, his deposition was not taken. This Motion is not a proper context for a summary disposition of an issue.

16. The undisputed facts of the matter based on Plaintiff's records are that the Plaintiff treated patients with the OPART MRI starting in April, 1998. This suit was filed at the end of May, 2002. Meanwhile, a suit by Plaintiff in November, 1999 was filed and dismissed. The claim is barred by limitations, and Judge Legg correctly observed that that was the issue that needed to be determined first.

WHEREFORE, Defendant Toshiba prays the Motion be denied and the Complaint be dismissed.

_____
Brooke Schumm III, Esquire
Fed. Bar No.05001
Daneker, McIntire, Schumm, Prince,
 Goldstein, Manning & Widmann, P.C.

One North Charles Street, Suite 2450
Baltimore, MD 21201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24/H BK day of July, 2003, a copy of the foregoing Statement was hand-delivered to Samuel Sperling, Law Office of Leonard J. Sperling, 1777 Reisterstown Road, Commercentre West, Suite 212, Baltimore, MD 21208.

_____
Brooke Schumm III