## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DIAGNOSTIC RESOURCE GROUP, L.L.C.    *

      PLAINTIFF           *      Case No.: CV-3020-RDB

VS.                           *      (removed from Baltimore County

TOSHIBA AMERICA MEDICAL       *      Circuit Court- Case #03-C-02-006016)

SYSTEMS, INC.                    *

      DEFENDANT            *

## RESPONSE TO DEFENDANT TOSHIBA'S RESPONSE TO DRG'S SUPPLEMENTAL MOTION FOR DISCOVERY PRECLUSION OF ISSUE

1.    The Defendant's counsel appears to have misunderstood the nature of Plaintiff's pleading filed with the Court on June 25, 2003, which was not an attempt at summary judgment;[1]

2.    To the contrary, Plaintiff was seeking to bar an issue being raised not primarily due to any allegation that information with regard to that issue had not been provided in discovery but rather due to a far more basic point;

3.    To be specific, at no time during the period of the transaction that forms the basis for this case, (the events around July 5, 1999), did Defendant ever assert to the Plaintiff that it was not responsible to provide service as the part that had broken down was a chiller not manufactured by the Defendant;

---

[1]    Plaintiff does note that the pleading of the Defendant was filed after the time for response, but is not seeking that it be stricken.

4.   The Defendant stated solely that it refused to provide service as the Defendant contended that the one year free service plan had expired;

5.   Therefore, Plaintiff contends that equitable estoppel prevents the Defeat from now, as of this date, asserting that it was not required to provide service as the chiller was not made by the Defendant itself;

6.   In fact, in discovery, the Defendant's representatives specifically stated that service on the chiller was covered by the free service plan for one year from the date of completion of installation;

7.   There had been questioning by both counsel of the two Defendant's designees as to the identity of the party which had manufactured the "chiller" that had failed on the night whose events form the basis for this case;

8.   The Plaintiff had questioned Mr. Kent Stansbury, a designee, and he specifically advised that the chiller was considered to be covered under Toshiba America Medical Systems, Inc.'s one year free service plan, See testimony of Mr. Stansbury, in deposition excerpts at 22 and 26 and 38, attached hereto as Exhibit 1;

9.   Judge Legg did, as Mr. Schumm alleges, state that the parties should brief the issue of limitations, which, Plaintiff believes, Judge Legg was stating to include both the relevant statutes of limitation as well as the limitation meaning the extent of the one year free service plan and when it terminated;

10.  To that end, both counsel included in their pleadings, filed in June and July, 2003, relevant evidence relating to these issues as well as incorporating prior pleadings;

11. That does not affect the basic fact that the Plaintiff is raising in its pleading though;

12. Moreover, in oral representations to the Court at the oral argument held on march 26, 2003, counsel for Defendant advised the Court that if the one year plan was in force then Defendant and the manufacturer would have each done their part to fix the system sold to the Plaintiff;

13. This is in perfect accord with the testimony of Mr. Stansbury;

14. Thus, at no time has the Defendant provided any notice to the Plaintiff around the time of the events in question, or through the discovery process, that the Defeat was asserting a denial of coverage under the service plan as the chiller was not manufactured by Toshiba;

15. To the contrary, the Defendant's designee has stated that the chiller was covered by the service plan and moreover he stated that he had fixed it as well and would only call the manufacturer if he could not;

16. Plaintiff thus seeks to preclude the Defendant from asserting that it had no obligations to fix (directly or through another) the system sold to the Plaintiff due to the fact that a part that had broken down was manufactured by another company;

17. To that end, Plaintiff cites the fact that throughout the course of this dispute, including at the time of the relevant events, (e.g. the refusal of Toshiba to fix the system on or about July 5, 1999), the Defendant had never raised any claim that the Defendant had no obligation to fix the chiller that had gone down as it was made by another company;

18.    Thus, Plaintiff was entitled to rely on the belief that the sole reason for the refusal was the Defendant's contention that the one year service plan had ended, which assertion Plaintiff contested;

19.    As such, it would be fundamentally unfair for the Defendant to assert, in a Motion for Summary Judgment, for the first time that there had never been any obligation to fix the chiller;

20.    The request to preclude evidence is thus not based on what evidence the Defendant did or did not produce in discovery, but rather is based on the fact that based on what was produced, there was never any indication given to the Plaintiff, around the time of the relevant events, that the Defendant was asserting that the chiller was not covered by the service plan;

21.    While Plaintiff has cited to the evidence produced in discovery, that citation refers to the fact that if there were documents relevant to such an assertion they should have been produced in discovery;

22.    In that regard, counsel for Plaintiff provided an Affidavit only stating that he had not seen any materials provided in discovery or otherwise showing that at or near the time of the relevant events the Defendant had asserted that the chiller was not covered under the service plan;

23.    Presumably, every single document provided in discovery, and there were many, could have been provided to the Court as an Exhibit, but that would have been simply unwieldy;

24.    Thus, Plaintiff only provided an Affidavit as to what had been seen by him in discovery;

25.    This is no different than an attorney providing an Affidavit as to what had or had not been provided in discovery;

26.    Indeed, if there was documentation showing that in July, 1999 (or thereabouts) Defendant had in fact told the Plaintiff that it would not fix the scanner or the chiller due to the fact that the chiller was made by another entity, presumably such document would already have been provided by the Defendant or alluded to in testimony;

27.    Thus, Plaintiff's counsel's Affidavit only stated that no such document had been seen by him (which is presumably uncontested) and that forms the basis for the Plaintiff's assertion that the Defendant, not having made the denial of service on that basis to the Plaintiff in 1999, is equitably estopped from first doing so now;

28.    Further, in its pleading on this issue, the Defendant provides a letter dated August 11,1999, which sets forth the basis why the Defendant refused to fix the scanner, and mentions not a word about any assertion that the Defendant had no obligation to fix the scanner due to the fact that a chiller had broken down, but rather only asserts that the Defendant contended that the one year service plan had expired;

29.    That is the reason why the Plaintiff seeks to preclude the Defendant from now asserting that the service plan did not cover the chiller;

30.    It should be noted that the Defendant did also cite to a letter dated in June, 1999, (Exhibit 1 to pleading by Defendant) which the Plaintiff stated in his Affidavits attached to his pleading that he had never seen or received; (Exhibits 3 and 4 to Plaintiff's Answer and Opposition to Motion for Summary Judgment) and also Deposition of Jeffrey Low at 223-224 (attached hereto as Exhibit 2);

31.   Additionally, after that date, the Defendant provided service to the Plaintiff which was designated as being not billable to the customer (Exhibit 21 to Plaintiff's Answer and Opposition to Motion for Summary Judgment, last pages referencing service call of July 5, 1999;);

32.   Moreover, the Defendant also serviced the chiller as part of the service plan, further barring any right by the Defendant now for the first time to assert that the chiller had never been covered;

33.   Defendant does refer to the fact that certain records were lost by the Plaintiff (page 4 of pleading);

34.   The Plaintiff's request to bar evidence is based upon the fact that the Defendant never asserted any denial of coverage based on the manufacturer of the chiller, and evidence as to such denials would be in the possession of the Defendant even more so than in the possession of the Plaintiff, and thus the issue of spoliation of evidence is irrelevant to this issue;

35.   Furthermore, Defendant refers to a suit by the Plaintiff seeking to have the Defendant remove the scanner from the premises of the Plaintiff and seeking damages for the failure to timely remove same, which did not in any way relate to alleged damages caused by the failure to fix the scanner on July 5, 1999;

36.   That case has no relationship to this case seeking damages from the Defendant for its failure to carry out its promise to fix the scanner at that time;

37.   Moreover, the issue of spoliation of evidence applies only when a party deliberately destroys evidence in order to prevent its discovery;

38.    In this case, Ms. Stehman testified that after the time that the scanner was no

longer working, the Plaintiff could not pay its rent and the landlord had locked the

Plaintiff out of the premises, See deposition excerpts of Ms. Stehman attached

hereto as Exhibit 3 at pages 118 & 163-164;

39.    As such, there was no destruction of any evidence by the Plaintiff and there is no

issue of spoliation of evidence;

Respectfully Submitted,

_____
Samuel Sperling
Law Office of Leonard J. Sperling
1777 Reisterstown Road
Commercentre West Suite 212
Baltimore, Maryland 21208
410-653-0141
Counsel for Plaintiff
SS24135

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DIAGNOSTIC RESOURCE GROUP, L.L.C.　*

　　　PLAINTIFF　　　　　　　　*　　Case No.: CV-3020-RDB

VS.　　　　　　　　　　　　*　　(removed from Baltimore County

TOSHIBA AMERICA MEDICAL　　*　　Circuit Court- Case #03-C-02-006016)

SYSTEMS, INC.

　　　　　　　　　　　　　*

　　　DEFENDANT　　　　　　*

**CERTIFICATION OF SERVICE**

This is to certify that on this August 6, 2003, service of this pleading was accomplished as follows:

1.　E-Filing as Ordered by the Court;

2.　E-Mail sent to Brooke Schumm, Esquire, bschumm@danmclaw.com;

3.　First class mail postage pre-paid to Brooke Schumm, III, Esquire, Daneker, McIntire, Schumm, Prince, Goldstein, Manning & Widmann, P.C., One North Charles Street, Suite 2450, Baltimore, Maryland, 21201.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Samuel Sperling
　　　　　　　　　　　　　　　　SS24135