**EXHIBIT Z**

EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DIAGNOSTIC RESOURCE GROUP, LLC  * | | **U.S. District Court Civ. No. L-02-3020** |
| Plaintiff | | Removed from Baltimore County Circuit |
| | | Court Case No.: 03-C-02-006016 |
| ii. | * | |
| | | |
| TOSHIBA AMERICA MEDICAL | * | |
| SYSTEMS, INC. | | |
| Defendant | * | |

           \*            \*    \*\*\*\*\*\*\*

## DEFENDANT TOSHIBA'S REQUEST FOR PRODUCTION OF DOCUMENTS

Now comes, Defendant Toshiba America Medical Systems, Inc. ("Toshiba"), by its counsel,

Brooke Schumm III, Daneker, McIntire, Schumm, Prince, Goldstein, Manning & Widmann, P.C.

and requests that Plaintiff file a Response within the time provided for in the Federal Rules of

Civil Procedure and then produce for inspection and copying originals and copies of the

following-described documents at the law offices of Daneker, McIntire, Schumm, Prince,

Goldstein, Manning & Widmann, P.C. on December 30, 2002 or mutually agreed earlier date.

## DEFINITIONS AND INSTRUCTIONS

For the purpose of this Request for Production of Documents, and with respect to each
document and thing requested:

1.     As used herein, the terms "you" and "your" refers to Diagnostic Resource Group, LLC.
and Diagnostic Resource Group, Inc.'s counsel, accountants, representatives, agents, officers,
employees, consultants or investigators and, unless otherwise privileged, their counsel,
employee, representatives, agents, accountants, investigators or consultants.  The term "DRG"
refers to "Diagnostic Resource Group, LLC."

2.     As used herein, the term "Plaintiff" shall mean Diagnostic Resource Group, LLC and its
counsel, representatives, agents, officers, servants, employees, accountants, consultants, or

investigators and, unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators, accountants or consultants.  "Related Party" means any person or entity of for which Jeffrey Lowe or any officer or employee of DRG performed services or in which Jeffrey Lowe or any officer or employee of DRG had an ownership interest, or any person or entity which had common owners in any amount as between it and DRG, or any entity which was sharing space with DRG or to which transfers of funds without consideration were made or as to which DRG shared services.  As used herein, the term "Defendant" or "Toshiba" means Toshiba America Medical Systems, Inc., and its counsel, representatives, agents, officers, servants, employees, accountants, consultants, or investigators and, unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators, accountants or consultants.

3.    Each Request set forth herein refers to all documents and tangible things in the custody, control, and possession of Plaintiff as well as documents and tangible things in the custody, control, and possession of Plaintiff's counsel, representatives, agents, servants, employees, accountants, consultants, or investigators and, unless otherwise privileged, their counsel, employees, representatives, agents, servants, accountants, investigators, or consultants.

4.    As used throughout this Request for Production of Documents and Things, the terms "record," "document" and "thing" or any similar terms are used in their broadest possible sense and shall include, but not be limited to, the following: any written, printed, typed, or other graphic matter of any kind or nature; any physical object or thing, animate or inanimate; all mechanical, magnetic or electrical sound recordings, or transcripts thereof; any retrievable data, information, or statistics contained on any memory device or other information retrieval systems (whether encoded, taped or coded, electrostatically, electromagnetically or otherwise); and also without limitation, electronic mail (email), files, books, pamphlets, periodicals, agreements, correspondence, letters, telegrams, reports, drawings, descriptions, charts, diagrams, graphs, blueprints, logs, take-offs, reproductions, films, photographs, motion pictures, studies, proposals, working papers, notes, notebooks, ledgers, diaries, journals, or other books of account, photocopies, memoranda, interoffice communications, minutes, minutes of meetings, instructions, specifications, recordings, telephone call slips, transcripts of telephone conversations, financial statements, financial records, financial memoranda, purchase orders, bills of sale, invoices, bills of lading, receipts, notices, summaries, checks, compilations, work sheets, publications, and published or unpublished speeches or articles in the possession, custody, or control of Plaintiff wherever located.  The terms "document" and "thing" or any other similar terms, shall also include any attachment thereto or enclosure therewith.  The terms "document" and "thing" or any other similar terms shall also include any and all data compilations from which information can be obtained.

5.    With respect to any of the documents or things requested, should any such document or things be presently unavailable and/or if any such document or thing is not presently in Plaintiff's possession, please identify each such document or thing, including: (a) the type or character of the document or thing (e.g., letter, memorandum, signed statement, notes, etc.); (b) the title, if any, of the document or thing; (c) the name and address of the addressee of the document or

thing; (d) the names and addresses of all recipients of copies of the document or thing; (e) all information contained in each such document or thing; (f) the date and circumstance under which each such document or thing ceased to be in Plaintiff's possession; (g) the reasons each such document or thing was caused to, or happened to, cease to be in Plaintiff's possession; (h) the time period during which each such document or thing was maintained; (i) the location of each such document or thing; and (j) the person or persons from whom each such document may be obtained, and whom has knowledge of such document or thing (including the substance of such knowledge) and of the circumstances under which each such document or thing ceased to be in Plaintiff's possession, including therein their full name, present or last known business and home addresses (including street number, apartment number, city, state, and zip code), and business and home telephone numbers.

6.    If you claim privilege, qualified work-product immunity, or decline to produce documents as requested on the basis of some other obligation, identify every such document or thing in your response and include in the identification a description of the document or thing, the date of the document or thing, the names of the addressee and the addressor, the identity of any person to whom a copy was given or communicated, the general subject matter of the document or thing, a statement of facts constituting the basis for any claim of privilege, and the specific basis on which privilege is claimed.  If any Request is deemed to call for disclosure of privileged or proprietary documents or things, Defendant is prepared to negotiate with Plaintiff an appropriate protective order concerning the terms and conditions under which privileged or proprietary documents or things may be protected from disclosure.

7.    The words "relates to," "relating to," and/or "concerning," when used in conjunction with any Request for a document or thing or category of documents or things, means recording, summarizing, digesting, referring to, commenting upon, describing, reporting, listing, analyzing, studying or otherwise discussing in any way a subject matter identified in a Request.

8.    The words "communication" or "communications" as used herein include, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraphs, telex, telecopy, cable, tape recordings, or otherwise, and all written communications.

9.    As used herein, "correspondence" means any document or thing that either constitutes a communication between two or more entities or persons, or that records, memorializes, reflects, or otherwise summarizes the substance of such communication, whether made directly by the author of the document or otherwise.

10.    Any reference to a "person" includes a natural person, a partnership, a corporation, a limited liability company, an unincorporated association, a joint venture, a sole proprietorship or any other form of entity.

11.    "Or" is used in the inclusive sense.  If, for example, a request calls for all documents which indicate A or B, all documents which indicate A and all documents which indicate B

6

should be produced, as well as all documents that indicate both A and B. In other words, the word "or" may be read as "and/or". "Any" and "every" are also used in the inclusive sense. That is, "any" may be read as "any and all," and "every" may be read as "every and all".

12.    Herein, the use of the singular shall include the plural, and the use of the plural shall include the singular.

13.    If any document responsive to this Request was, but no longer is, in your possession, custody or control, please furnish a description of each such document, state the manner and circumstances under which it left your possession, custody or control, and the document's present whereabouts, if known.

14.    Each document produced in response to this Request shall be segregated or numbered in accordance with the paragraph, if applicable.

15.    These Requests shall be deemed to be continuing, to the full extent required and/or permitted under the Rules, so as to require supplementary production when you obtain access, custody, possession, or control of any documents not previously produced which are responsive to one or more of these Requests.

DOCUMENTS REQUESTED

1. All corporate records, articles of incorporation, member owner agreements, by-laws, certificates, minute books, and records of capital contributions

2. Detailed income statements, trial balance records, general ledgers, detailed cash flow statements, detailed statements of equity, check registers, deposit records and detailed balance sheets, bank statements, records of uncollected billings, aged receivables and aged payable records, cash disbursement journal entries for all time periods since January, 1996, and DRG's cash receipts journals for all time periods since January 1996 (collectively "Financial Records") and Financial Records for any Related Party to whom or from whom a transfer was made by DRG, both internally prepared and those prepared by an outside accountant, bookkeeper or vendor.

3. Revenue records, including records showing Medicare, Medicaid, private payor, private insurance, governmental or insurance reimbursement including explanation of benefit (EOB's) and said Revenue records for any Related Party to whom or from whom a transfer was made.

4. Payroll summaries for each quarter, and annual payroll summaries and U.S. tax form 1099 summaries for the end of each year since 1996

5. Documents referencing all other business(es) engaged in by DRG or any Related Party or Jeffrey Lowe

6. Financial Records of any business related to the medical field in which Jeffrey Lowe was a principal since 1996.

7. Communications, or memoranda of communications, to or from the University of Maryland, Dr. Phillip Templeton, M.D., any other member owner, investor, prospective investor or lender to DRG, including financial statements, business plans or other memoranda describing contemplated business operations delivered to any third party including Jeffrey Lowe, prospective investors, investors, Dr. Templeton, any lender or prospective lender, and documents executed with such person or drafted for execution by such person.

8. All communications, or memoranda of communications, to or from Toshiba, including any agreements, letters, complaints, invoices, memoranda

9. Annual federal tax returns of DRG and any Related Party for 1996, 1997, 1998, 1999, 2000, 2001, and 2002, including any papers or documents received from, sent to, or filed with any governmental agencies regarding DRG's tax liabilities and tax reporting obligations, including Form 1065 and all attachments and workpapers for said tax returns

10. Records retention policy and records regarding the destruction and/or removal and/or need to destroy and/or remove any DRG documents from 1996 to the present.

11. Annual budgets and business plans

12. All DRG contracts, including insurance contracts or policies, leases, revenue and reimbursement contracts, long-term obligations, business service contracts, and agreements with lenders or banks.

13. Maintenance records for all medical equipment including any equipment having a Toshiba trademark, medical equipment bought directly or indirectly from Toshiba or medical equipment related to or whose use is related to revenue claimed as damages

14. Organization charts of DRG and any Related Party

15. Records of DRG inventory and supplies

16. Patient base analysis and physician referral analysis

17. Records related to all accounting and audit services provided to DRG

18. Records showing DRG's payment and/or nonpayment for any loans, leases, goods and/or services provided to DRG

19. DRG's annual financial statements (including audited and unaudited statements), including

8

on a consolidated basis, or as part of a consolidated basis, and all supporting workpapers and audit opinion, if any

20. Any documents between or among DRG, Jeffrey Lowe and/or any third party regarding the sale of any DRG assets to any person or entity.

21. All reports, memoranda, correspondence, or other documents prepared by any expert whom you expect to call as a witness at trial, including a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; written communications with such expert; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the billing and payment documents regarding the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.